## WILSON v DIXON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2393. Decided May 8, 1934

Joseph McGhee, Columbus, for plaintiff.
Troy T. Junk, Washington C. H., for heirs.
Matthew L. Bigger, Columbus, and Abram Cunix, Columbus, for defendants.

### OPINION

By BARNES, J.

We are unable to find any proper theory under which the heirs were made parties to the suit; nor is any issue joined through which any judgment could properly be entered either for or against them.

Defendant's second amended answer purports to make the defense in effect that the title to the note sued upon passed to them upon the death of Mary C. Wilson. This in substance is on the claim that Mary C. Wilson, during her lifetime, had entered into a contract with defendants by the terms of which defendants were to furnish her a home, care and attention as long as she lived in return for which they were to receive all the property of which she died seized, including note sued upon. The answer contained, furthermore, averments of compliance upon their part and failure to comply upon the part of Mary C. Wilson.

By way of cross-petition, the defendants set up substantially the same facts as in the answer. Their prayer asked that plaintiff's action be dismissed and also sought affirmative relief on their cross-petition. Neither the answer nor cross-petition sets out specifically the nature, extent or amount of property of which Mary C. Wilson died siezed. There is the averment that at the time of her death she was possessed of other personal property. But there is no direct averment that she died seized of any real estate. It is for this reason that no valid order of judgment could be entered against the defendant heirs.

After the decease of Mary C. Wilson, if she left no will, her personal property would be administered by an administrator, and as to this class of property the heirs would be unnecessary and improper parties in any litigation.

Under the law the real estate would pass to the heirs, and the administrator would have no jurisdiction over that class of property unless it were needed to pay debts.

The reply filed by the defendants deny the claimed contract and also raised the issue that if entered into it was oral and within the statute of frauds.

Defendants, Mr. and Mrs. Dixon, through their counsel, gave notice of appeal and appeal bond was fixed at $500.00. The contention of plaintiff is that §12229 GC controls and that the bond must be double the amount of judgment. As heretofore stated, the judgment was $4000.00 plus interest plus costs.

It is the claim of counsel for the Dixons that the only question tried to the Court of Common Pleas was the equitable action in which they sought specific performance of the contract to make a will. Counsel for defendant in their memoranda urge that the judgment in favor of the plaintiff was suspended and that this suspension remains until the final determination of the cause on the issues raised by the pleadings.

We agree with this statement of counsel. However, we are unable to follow counsel for defendant wherein he says that plaintiff, having failed to question the legality of the action of the court in suspending the judgment, cannot now be heard on the legality of the defense to the cross-petition filed by these defendants.

As we read and construe the pleadings the plaintiff has challenged at all times the sufficiency and legality of the answer and after issues joined and hearing had, all issues were determined against the defendant.

514

The fact that the defendants were raising an equitable issue as a defense to plaintiff's action, does not in any sense alter the nature of the issue. The law always secures to defendant the right to set up every defense known to the law, whether it be legal or equitable.

It sometimes happens, as in this case, that the admissions in the answer are of such a character that the plaintiff would prevail in the absence of presentation of any evidence; the defense may be entirely equitable and there may not be the necessity of the introduction of any evidence except upon the equitable issue, yet if the defendant fails to sustain the equitable admissions, the plaintiff obtains his judgment at law. In the instant case the defendants confessed judgment by virtue of the authority given in the note sued upon. This judgment was not at any time set aside. It was only suspended pending the determination under issues joined as to whether or not it should be set aside or reduced. After hearing had, finding was made against the defendant. This at once removes the suspension.

Counsel for defendant speak about having some further defense. This cannot be looked upon with favor. A defendant should present all defenses which he has before going to trial. The law will not sanction presenting them piece-meal.

The fact that defendants set out in what they call a cross-petition substantially the same facts as were presented in the answer adds nothing, nor can it change the rule. The finding of the court on the answer makes the question res adjudicata and there can be no further litigation on the same question by way of cross-petition. Such a rule would create an anomalous situation. In one instance there would be the finding that plaintiff was entitled to judgment, and on the cross-petition at another time in another court there might be a determination that the title to the note had passed to the defendants. The answer and the cross-petition refer to the same subject matter. Whether it be a note or judgment, in each instance it is an evidence of indebtedness. The paper upon which it is written or entered is of no consequence independent of its evidence of debt.

From the pleadings and transcript of docket and journal entries, we are constrained to the view that the appeal bond should be double the amount of plaintiff's judgment, including interest and costs and that plaintiff's motion to dismiss should be sustained.

Exceptions will be allowed to the defendants. Entry may be drawn accordingly.

HORNBECK, PJ, concurs.